McLAUGHLIN & STERN, LLP  
Attorneys for G.A.P. Adventures, Inc.  
260 Madison Avenue  
New York, New York 10016  
(212) 448-1100  

HEARING DATE:  
March 31, 2010  

HEARING TIME:  
10:00 A.M.  

Paul H. Silverman, Esq.  
Paul H. Levinson, Esq.  
Jacqueline C. Gerrald, Esq.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  

In re  

MORGAN & FINNEGAN L.L.P.,  

　　　　　Debtor  

Chapter 7  
Case No.: 09-11203-RDD  

------------------------------------------------------------x  

ROY BABITT AS CHAPTER 7 TRUSTEE OF  
MORGAN & FINNEGAN L.L.P.,  

　　　　　Plaintiff,  

v.  

G.A.P. Adventures, Inc.  

　　　　　Defendant.  

Adv. Proc. No. 10-02789-RDD  

------------------------------------------------------------x  

**NOTICE OF MOTION TO DISMISS AND COMPEL ARBITRATION,  
OR, IN THE ALTERNATIVE,  
TO STAY THE ADVERSARY PROCEEDING PENDING ARBITRATION**

PLEASE TAKE NOTICE that upon the annexed motion of and the accompanying memorandum of law, and upon all prior pleadings and proceedings herein, G.A.P. Adventures, Inc. ("G.A.P.") will move this Court, before the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on the 31st day of

1

March 2010 at 10:30 a.m. in the forenoon of that day or as soon thereafter as counsel can be heard for the entry of an Order:

1) Dismissing the adversary proceeding and compelling arbitration of the claims asserted therein pursuant to Fed. R .Civ. P. 12(b)(1) as incorporated by Fed. R. Bankr. P. 7012, and 9 U.S.C. § 1 et. seq., or,

2) In the alternative, staying the adversary proceeding in favor of arbitration pursuant to 9 U.S.C. § 1 et. seq.; and,

3) Granting such other and further relief as this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that, answering papers, if any, to the motion shall be in writing, shall state the name of the objecting party, the nature of the claim or interest of such party and, with particularity, the reasons for the objection to the relief requested, and shall be served upon the undersigned and filed, together with the proof of service, with the Court (with a copy to chambers) so as to actually be received by 4:00 p.m. on March 24, 2010.

Dated: New York, New York
       March 17, 2010

                                            Respectfully submitted,

                                            McLAUGHLIN & STERN, LLP

                                            By: _____
                                            Paul H. Silverman, Esq. (PS 0538)
                                            Paul H. Levinson, Esq. (PL 5528)
                                            Jacqueline C. Gerrald, Esq. (JG 2001)
                                            260 Madison Avenue
                                            New York, New York 10016
                                            (212) 448-1100
                                            *Attorneys for G.A.P. Adventures, Inc.*

TO: Jeffrey D. Vanacore, Esq.
Schuyler G. Carroll, Esq.
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900
*Attorneys for Plaintiff*

| | |
|---|---|
| McLAUGHLIN & STERN, LLP<br>Attorneys for G.A.P. Adventures, Inc.<br>260 Madison Avenue<br>New York, New York 10016<br>(212) 448-1100 | HEARING DATE:<br>March 31, 2010<br><br>HEARING TIME:<br>10:00 A.M. |

Paul H. Silverman, Esq.
Paul H. Levinson, Esq.
Jacqueline C. Gerrald, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re<br><br>MORGAN & FINNEGAN L.L.P.,<br><br>    Debtor | Chapter 7<br>Case No.: 09-11203-RDD |

------------------------------------------------------------x

| | |
|---|---|
| ROY BABITT AS CHAPTER 7 TRUSTEE OF<br>MORGAN & FINNEGAN L.L.P.,<br>    Plaintiff,<br><br>G.A.P. Adventures, Inc.<br><br>    Defendant. | Adv. Proc. No. 10-02789-RDD<br><br>**MOTION TO DISMISS AND COMPEL ARBITRATION, OR, IN THE ALTERNATIVE, TO STAY THE ADVERSARY PROCEEDING PENDING ARBITRATION** |

------------------------------------------------------------x

**G.A.P. ADVENTURES, INC.**, the above named defendant by and through its attorneys, McLaughlin & Stern, LLP, for its motion to dismiss and compel arbitration or in the alternative to stay the adversary proceeding pending arbitration, does hereby set forth and state:

1.  G.A.P. Adventures ("G.A.P." or "Defendant") submits the following together with its Memorandum of Law in support of an Order (a) dismissing the adversary proceeding and compelling arbitration of the claims asserted therein pursuant to Fed. R. Civ. P. 12(b)(1) as incorporated by Fed. R. Bankr. P. 7012, and 9 U.S.C. § 1 et. seq., or, (b) in the alternative,

staying the adversary proceeding in favor of arbitration pursuant to 9 U.S.C. § 1 et. seq.; and, (c) granting such other and further relief as this Court may deem just and proper.

2. This motion, made at the inception of the adversary proceeding, is made in response to a complaint filed in this court to hear and to determine a garden variety collection action based on a Chapter 7 liquidation Trustee's debtor's law firm's retainer agreement containing an express requirement for arbitration for all disputes. For reasons discussed below, by contract, under the law, to reduce all parties costs and for court efficiency, this matter should be heard and determined by an arbitrator.

3. The complaint states that it seeks to liquidate and collect a stated accounts receivable due from G.A.P. by Morgan & Finnegan L.L.P. ("Morgan & Finnegan") for legal services and costs rendered, all based on a written retainer agreement ("Engagement Letter"), dated June 16, 2008 apparently prepared by Morgan & Finnegan. A true and exact copy of the Engagement Letter made part of the complaint is annexed hereto as <u>Exhibit A</u>

4. Pursuant to the Engagement Letter, Morgan & Finnegan was to provide legal representation of G.A.P. in two actions involving an alleged trademark infringement. One action was pending in the U.S. District Court for the Southern District of New York and the second was in the U.S. Patent and Trademark Office before the Trademark Trial and Appeals Board. <u>See</u> <u>Exhibit A</u>. The client has paid some but not all the bills rendered by the law firm and then, months later, the Trustee billed on behalf of the defunct law firm. The client too wants to have a timely resolution of this matter.

5. Unfortunately, the Trustee's representative commenced an adversary proceeding in this Court rather than effectively communicating with the former client or commencing an arbitration proceeding, as provided for in the Engagement Letter and when his counsel was

2

notified of this arbitration proceeding did not voluntarily remove this collection action to the arbitration forum.

6.  Specifically, the Engagement Letter pursuant to which the Trustee seeks recovery contains an arbitration clause which clearly, unequivocally and expressly mandates that the Dispute be arbitrated.

7.  Section 9 of the Engagement letter entitled, "<u>Arbitration of Disputes</u>" states as follows:

> Morgan & Finnegan does not expect there to be any disputes with G.A.P. Adventures, Inc. in connection with our respective obligations. However, *if there are any claims or disputes arising out of this agreement or Morgan & Finnegan's representation of G.A.P. Adventures, Inc.'s interests, it is expressly agreed that those claims or disputes will be resolved <u>exclusively</u> by submission to binding arbitration in New York City under the commercial rules then existing of the American Arbitration Association with a single arbitrator who shall be a trademark attorney with at least ten years of trademark litigation experience* and who shall also be a member of the bar of New York, New Jersey or Connecticut. *This arbitration provision shall apply to, but is not limited to, any claim or dispute relating to unpaid fees and expenses*, any act or omission, malpractice, negligence, breach of fiduciary duty, breach of standard of care, *breach of contact or any claim for damages*. Judgment on the arbitration award may be entered in any court having jurisdiction. There may be advantages and disadvantages to arbitration. Accordingly, G.A.P. Adventures, Inc. should carefully consider whether arbitration is acceptable, and should consult with independent counsel if G.A.P. Adventures, Inc. believes it is appropriate to do so.

See <u>Exhibit A</u>, ¶ 9, at pp. 5-6 (emphasis supplied).

8.  Thus, the arbitrability of the dispute is not optional, it is mandatory.

9.  Upon information and belief, Morgan & Finnegan drafted the Engagement Letter, which is seven (7) pages in length, including the arbitration requirement of any and all controversies involving legal fees, expenses, and other billing charges.

3

10. In that regard, the Engagement Letter of Morgan & Finnegan contains a separate section in the Engagement Letter to clearly delineate the dispute process, stating that, "those claims or disputes ***will be resolved <u>exclusively</u> by submission to binding arbitration in New York City*** under the commercial rules then existing of the American Arbitration Association." and as to qualifications of the arbitrator, he/she "<u>***shall***</u> ***be a trademark attorney*** with at least ***ten years of trademark litigation experience*** and who shall also be a ***member of the bar of New York, New Jersey or Connecticut***." See Exhibit A.

11. Upon information and belief, all of these requirements were of Morgan & Finnegan's own choosing and, thus, were selected for its own advantage.

12. Nonetheless, the instant non-core proceeding was commenced without regard to the mandatory arbitration provision, the arbitration terms were not referred to in the complaint, and the adversary proceeding was continued even after the arbitration provision was brought to the attention of plaintiff's counsel.

13. Based upon the foregoing, and for the reasons set forth in the accompanying memorandum of law, it is respectfully submitted that the Dispute must be resolved in arbitration before the AAA, and further that this Court should dismiss, or in the alternative stay, the instant adversary proceeding, and concomitantly issue an Order compelling the parties to proceed in arbitration.

WHEREFORE, it is respectfully requested that Defendant's motion to dismiss and to compel arbitration, or, in the alternative, to stay the adversary proceeding pending arbitration, be granted, together with such other and further relief as may be warranted.

Dated: New York, New York
March 17, 2010

                                            *G.A.P. Adventures, Inc.*
                                            by its attorneys,
                                            MCLAUGHLIN & STERN, LLP

                                            By: _____
                                            Paul H. Silverman, Esq. (PS 0538)
                                            Paul H. Levinson, Esq. (PL 5528)
                                            Jacqueline C. Gerrald, Esq. (JG 2001)

TO:    Jeffrey D. Vanacore, Esq.
         Schuyler G. Carroll, Esq.
         ARENT FOX LLP
         1675 Broadway
         New York, New York 10019
         (212) 484-3900
         *Attorneys for Plaintiff*