# Exhibit A

# Morgan & Finnegan, L.L.P.

A Registered Limited Liability Partnership

3 WORLD FINANCIAL CENTER
NEW YORK, NY 10281-2101
TEL: 212-415-8700
FAX: 212-415-8701
www.morganfinnegan.com

ALAN M. SACK
(212) 415-8723
asack@morganfinnegan.com

## ENGAGEMENT LETTER

June 16, 2008

Mr. Bruce Poon Tip
Chief Executive Officer
G.A.P. Adventures, Inc.
19 Charlotte Street, 2nd Floor
Toronto, Ontario M5V2H5
CANADA

Re: Legal Services Engagement Letter

Dear Bruce:

I am very pleased that you have chosen to continue my representation of G.A.P. Adventures, Inc. with my new firm, Morgan & Finnegan, L.L.P., in the pending U.S. Civil Action and the related stayed Opposition. The purpose of this engagement letter is to confirm the terms of Morgan & Finnegan's representation of G.A.P. Adventures, Inc. in these matters, as described below.

Morgan & Finnegan's representation of G.A.P. Adventures, Inc. is on the following basis:

1. **LEGAL SERVICES**

Morgan & Finnegan will represent G.A.P. Adventures, Inc. in the following matters:

*The Gap, Inc. et al v. G.A.P. Adventures Inc.*, pending in the United States **District Court for the Southern District of New York, Civil Action No. 1:07-cv-09614-AKH**, as well as the stayed, related *Opposition No. 91175017* against *Opposer, GAP (APPAREL) LLC* in the **United States Patent and Trademark Office Before the Trademark Trial and Appeals Board.**

The legal work associated with Morgan & Finnegan's representation includes court and administrative agency appearances, research, investigation, correspondence, preparation and drafting of pleadings and other legal documents, trial preparation, taking, defending and responding to discovery, motions, trial, settlement conferences, and all related work to represent properly G.A.P. Adventures, Inc. in these matters. In connection with our representation, it will be necessary to retain a Survey/Marketing and/or damages experts, as well

M F 07/08/08 PM12:29:

CALIFORNIA: 44 MONTGOMERY STREET, SAN FRANCISCO, CA 94104-4712 TEL: 415-318-8800 FAX: 415-676-5816
WASHINGTON: 1775 EYE STREET, NW, WASHINGTON, DC 20006-2410 TEL: 202-857-7887 FAX: 202-857-7929
1144926 v1

as additional counsel in locations outside the geographic area of the firm's practice for depositions and related discovery, as required by law and local court rules.

2. **BILLING FOR LEGAL FEES AND DISBURSEMENTS**

It will be Morgan & Finnegan's practice to bill G.A.P. Adventures, Inc. on a monthly basis for our services. Our fees are based on our then current regular hourly rates for the individuals working on the matter. We will also bill G.A.P. Adventures, Inc. for incurred costs, expenses and disbursements, which will include the charges of experts and local counsel, if applicable, when billed to us, unless those charges are billed directly to G.A.P. Adventures, Inc. by those experts and counsel.

The costs, expenses and disbursements include: experts' fees, court costs, filing fees, draftsperson's fees, exhibit fees, accountants' fees, appraisers' fees, service fees, investigator's fees, deposition costs, messenger services, computerized legal research, photocopying charges, telephone toll calls and other telecommunications charges, postage, travel expenses and any other necessary expenses in this matter. Small amounts are usually advanced by us subject to reimbursement by G.A.P. Adventures, Inc.. However, Morgan & Finnegan may request that G.A.P. Adventures, Inc. pay certain costs and expenses directly or in advance in those instances where we foresee heavy out of pocket cash disbursements.

3. **PAYMENT**

Morgan & Finnegan expects G.A.P. Adventures, Inc. to remit payment of the amounts shown on our monthly invoices within thirty (30) days following the date of each invoice.

If any bills are not paid within thirty (30) days, Morgan & Finnegan may at our option charge and collect interest on all unpaid balances at the rate of 1 1/2% per month. If collection efforts are necessary, G.A.P. Adventures, Inc. will pay any necessary costs of collection.

The individuals working on matters for G.A.P. Adventures, Inc. at Morgan & Finnegan are required to keep specific records of their time devoted to the matter and this information is maintained in our computerized billing system. If requested, an additional breakdown as to the number of hours spent, the attorneys working on the particular matter or similar information, will be provided without charge to the extent the information is maintained in our computerized billing system.

4. **RETAINER**

In addition to payment of our first monthly invoice, which will be sent to you shortly, an advance retainer of $40,000 is requested. Morgan & Finnegan will bill against the

advance and whenever 75% of the advanced amount has been expended, and upon receipt of said bills G.A.P. Adventures, Inc., upon request, will deliver to Morgan & Finnegan an amount that will be sufficient to replenish the advance back to the original amount. Morgan & Finnegan reserves the right to require additional advance payments by G.A.P. Adventures, Inc. against fees and costs incurred in connection with our representation of G.A.P. Adventures, Inc.. All the above sums, as well as future payments, may be paid by check payable to Morgan & Finnegan LLP or may be wired to our account as follows:

> J P Morgan Chase, N.A.
> 1166th 6th Avenue
> New York, NY 10036
> Account Name: Morgan & Finnegan, LLP
> Account #754193092
> ABA #021000021
> Swift Code   CHASUS33
> If you wish, future amounts may be paid by credit card as well.

Additionally, if it becomes necessary to schedule a trial in this matter, we reserve the right to require a deposit by G.A.P. Adventures, Inc. up to sixty (60) days in advance of trial of an additional amount estimated by us to be sufficient to cover fees, costs and expenses through the trial.

The initial amount is an advance only and does not necessarily reflect the entire cost of the work to be done. It will be applied against the invoice submitted to G.A.P. Adventures, Inc. you for services and disbursements incurred during the first month we begin work on G.A.P. Adventures, Inc.'s behalf, with any additional credit being carried over into succeeding months. Of course, if the representation ends before the advance is exhausted, any excess will be refunded. Once the credit is used up, we will expect G.A.P. Adventures, Inc. to remit payment of any additional amounts billed in accordance with the above described schedule.

### 5.   G.A.P. ADVENTURES, INC.'S RESPONSIBILITY

G.A.P. Adventures, Inc.'s obligation to Morgan & Finnegan is to fully cooperate with us and provide all information relevant to the issues involved in this matter, and to pay all bills as required by this Agreement. If G.A.P. Adventures, Inc. does not comply with any of these requirements, and particularly, if any invoice from us remains unpaid for at least sixty (60) days following the date of our invoice, G.A.P. Adventures, Inc. agrees in advance that Morgan & Finnegan shall have the right thereafter to withdraw from further representation of G.A.P. Adventures, Inc.. In those circumstances, G.A.P. Adventures, Inc. agrees in advance that Morgan & Finnegan shall have the right to ask the court or any other judicial or administrative body for permission to withdraw from representing G.A.P. Adventures, Inc. and G.A.P. Adventures, Inc. further agrees in advance that G.A.P. Adventures, Inc. will not oppose such a request to withdraw from representing G.A.P. Adventures, Inc., if made. G.A.P. Adventures, Inc.

further agree that Morgan & Finnegan may submit a copy of this letter in support of any such application to withdraw.

G.A.P. Adventures, Inc. is, of course, free to instruct Morgan & Finnegan at any time to withdraw from representing G.A.P. Adventures, Inc., but G.A.P. Adventures, Inc. must do so in writing.

Any withdrawal from representation shall not relieve G.A.P. Adventures, Inc. of the obligation of paying Morgan & Finnegan's fees, as well as for costs, expenses and disbursements already incurred or committed.

6. **NO GUARANTEE**

Morgan & Finnegan will provide conscientious and diligent services and at all times will seek to achieve solutions which are just and reasonable for G.A.P. Adventures, Inc.. However, because of the uncertainty of legal proceedings, the interpretation and changes in the law and many unknown factors, we, as attorneys, cannot and do not warrant, predict or guarantee results or the final outcome of any case or matter.

7. **CONFLICTS**

It is understood and agreed that Morgan & Finnegan's representation will only be of the named entity or individual listed as the addressee of this letter, as distinguished from the shareholders, officers, directors and other affiliates of that entity. Morgan & Finnegan has not been informed of the other financial interests of the shareholders, officers, directors or other affiliates, except that we generally know that their interests may be substantial and diverse. It is understood and agreed that Morgan & Finnegan's representation of G.A.P. Adventures, Inc. shall not foreclose either our present or future representation of present or future clients on matters including litigation in which the interests of G.A.P. Adventures, Inc. shareholders, officers and directors or affiliates of G.A.P. Adventures, Inc. might be adverse to that of other clients of Morgan & Finnegan.

It is understood and agreed that Morgan & Finnegan remains free to undertake or continue our representation of any other company or individual, provided only that, if Morgan & Finnegan becomes aware of any direct subject matter conflict between our representation of G.A.P. Adventures, Inc. and any other such representation, Morgan & Finnegan will so advise G.A.P. Adventures, Inc.. If either G.A.P. Adventures, Inc. or such other party refuses to consent to the continuation of our representation of both (with appropriate safeguards), Morgan & Finnegan may choose to withdraw without liability to G.A.P. Adventures, Inc. from our representation of G.A.P. Adventures, Inc. or, from our representation of such other party as to the subject of conflict, at our option. G.A.P. Adventures, Inc. agrees in advance that Morgan & Finnegan may continue to represent the other party, except as to specific subject matters on which we have previously represented G.A.P. Adventures, Inc., unless G.A.P. Adventures, Inc.

consents thereto. In any event, G.A.P. Adventures, Inc. remains at all times free to discharge us, and Morgan & Finnegan is free to withdraw, for proper reasons, from our representation of G.A.P. Adventures, Inc..

G.A.P. Adventures, Inc. also expressly agrees that when Morgan & Finnegan completes the above-identified matter, or any other tasks we may later agree to carry out for G.A.P. Adventures, Inc., we are free without further permission, to represent any other party against G.A.P. Adventures, Inc., except that Morgan & Finnegan will not represent another company or individual against G.A.P. Adventures, Inc. in subject matter within the scope of our representation of G.A.P. Adventures, Inc. for a period of two (2) years following completion of our work for G.A.P. Adventures, Inc., without your express permission.

## 8. UTILIZATION OF OPINION

G.A.P. Adventures, Inc. understands and agrees that any opinion Morgan & Finnegan renders to G.A.P. Adventures, Inc. in connection with this matter is solely intended for reliance by G.A.P. Adventures, Inc.. It is not our intention that the opinion be relied upon by anyone else. Nothing in this paragraph is intended, however, to preclude shareholders, officers or directors of G.A.P. Adventures, Inc. from access to any opinion rendered to G.A.P. Adventures, Inc., as deemed necessary by G.A.P. Adventures, Inc.. Unless otherwise expressly agreed to by Morgan & Finnegan in writing, no opinion rendered by Morgan & Finnegan to G.A.P. Adventures, Inc. will be referred to, quoted or relied upon in whole or in part in any prospectus, private or public placement, or offering statement of any kind, or in any press releases or other public relations material. Nothing in this paragraph is intended to preclude G.A.P. Adventures, Inc. from relying upon any opinion we render to G.A.P. Adventures, Inc. as part of a certification to the Food and Drug Administration or as a defense to a charge made against G.A.P. Adventures, Inc. of willful patent infringement.

It is also expressly understood that unless authorized by us in writing, no mention of our firm name, or of the name of any attorney in our firm is to be used by G.A.P. Adventures, Inc. in any business plan, prospectus or other offering statement of any kind.

## 9. ARBITRATION OF DISPUTES

Morgan & Finnegan does not expect there to be any disputes with G.A.P. Adventures, Inc. in connection with our respective obligations. However, if there are any claims or disputes arising out of this agreement or Morgan & Finnegan's representation of G.A.P. Adventures, Inc.'s interests, it is expressly agreed that those claims or disputes will be resolved exclusively by submission to binding arbitration in New York City under the commercial rules then existing of the American Arbitration Association with a single arbitrator who shall be a trademark attorney with at least ten years of trademark litigation experience and who shall also be a member of the bar of New York, New Jersey or Connecticut. This arbitration provision shall apply to, but is not limited to, any claim or dispute relating to unpaid fees and expenses,

any act or omission, malpractice, negligence, breach of fiduciary duty, breach of standard of care, breach of contract or any claim for damages. Judgment on the arbitration award may be entered in any court having jurisdiction. There may be advantages and disadvantages to arbitration. Accordingly, G.A.P. Adventures, Inc. should carefully consider whether arbitration is acceptable, and should consult with independent counsel if G.A.P. Adventures, Inc. believes it appropriate to do so.

### 10. MAINTENANCE OF ATTORNEY CLIENT PRIVILEGE

In recent years, several courts have held that, when a firm reviews its compliance with professional conduct rules or other law in the representation of a client, the firm may not be able to claim attorney-client privilege for its review unless the firm withdraws from representing the particular client before conducting the review or the client agrees that the firm can assert privilege for any such review. We believe it is in the interest of our clients that the firm have the protection of the privilege in connection with internal reviews of its work for you. Accordingly, as part of this agreement, you agree that any communications between our lawyers and staff working on your matter and the lawyer at the firm who may be reviewing that work for compliance with professional conduct rules or other law will be protected by the firm's own attorney-client privilege and that any such review will not constitute a conflict between our interests and your interests.

### 11. ACCEPTANCE OF ENGAGEMENT

Morgan & Finnegan discusses the terms and conditions of our engagement so candidly because we strongly believe that G.A.P. Adventures, Inc. is entitled to know and understand our policies, and that this type of open discussion will avoid any misunderstanding later.

We trust the foregoing terms of engagement are acceptable to G.A.P. Adventures, Inc.. Please contact me if you have any questions or concerns. Otherwise, please sign the enclosed copy of this letter and return it to me, along with the $40,000.00 advance retainer, as specified in Item 4, above. Please understand that the firm requires an acceptance of this letter, and the retainer set forth by Item 4, in order to maintain our vigorous representation of G.A.P. Adventures, Inc. in these matters.

We appreciate G.A.P. Adventures, Inc.'s entrusting this matter to us and look forward to continue working with you.

Sincerely,

*[signature]*

Alan M. Sack

UNDERSTOOD AND AGREED:

DATE: July 2, / 2008

G.A.P. Adventures, Inc.

By *[signature]* Mr. Bruce Poon Tip

Title: Chief Executive Officer

1144926 v1